ROBINSON & COLE
E. Evans Wohlforth, Jr.
Katherine M. Katchen
1650 Market Street, Suite 3030
Philadelphia, PA 19103
T: (215) 398-0557
E: ewohlforth@rc.com
E: kkatchen@rc.com

*Attorneys for Defendant
Cigna Health and Life Insurance Company*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE PLASTIC SURGERY CENTER, P.A.,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, XYZ CORPS. 1-10,<br><br>Defendants. | Case No.:<br><br>FILED ELECTRONICALLY<br><br>NOTICE OF REMOVAL |

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR DISTRICT OF NEW JERSEY**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Cigna Health and Life Insurance Company ("Cigna" and/or "Defendant") hereby removes the case styles as *The Plastic Surgery Center, P.A., v. Cigna Health and Life Insurance Company*, No. MON-L-002911-23 (the "State Court Action"), from the Superior Court of New Jersey, Law Division, Monmouth County, where it is now pending, to the United States District Court for the District of New Jersey.  The grounds for removal are as follows:

1. On or about September 15, 2023, Plaintiff, The Plastic Surgery Center, P.A. ("TPSC" and/or "Plaintiff"), initiated the State Court Action by filing a Summons and Complaint against Cigna.  In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Complaint, and all state court filings are attached hereto as **Exhibit 1**.

2.	The Summons and Complaint were served on Cigna's registered agent on January 5, 2024. In accordance with 28 U.S.C. § 1446(a), true and correct copy of the Affidavit of Service is attached hereto as **Exhibit 2**.

3.	This Notice of Removal is therefore timely filed pursuant to 28 U.S.C. § 1446(b)(1).

4.	The Complaint ("Compl.") asserts three New Jersey State law-based causes of action against Cigna for (1) breach of contract; (2) promissory estoppel; and (3) negligent misrepresentation. These causes of action are both based on Cigna's alleged underpayment of Plaintiff's claim for benefits, which was submitted on behalf of its Patient, identified in the Complaint only by his/her initials D.C., under a health benefits plan allegedly administered by Cigna. (*See* Exhibit 1).

5.	Defendant removes this lawsuit to federal court based on diversity of citizenship jurisdiction pursuant to 28 U.S.C. §§1332 and 1441(b).[1]

6.	Pursuant to 28 U.S.C. §1446(d), Defendant will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of New Jersey, Monmouth County.

7.	By filing this Notice of Removal, Defendant does not waive its right to object to service, service of process, the sufficiency of process, venue or jurisdiction, and specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

### I. THIS ACTION IS REMOVABLE ON THE BASIS OF DIVERSITY OF CITIZENSHIP JURISDICTION UNDER 28 U.S.C.§1441(b)

---

[1] Plaintiff also names and "XYZ Corps. 1-10" as Defendants. "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. §1441 (b). "The Third Circuit has taken this to mean that 'John Doe' defendants do not bar removal for diversity, unless the complaint contains allegations that identify those John Doe defendants to some extent." *Khorozian v. Hudson United Bancorp*, No. CIV 06-2798 WHW, 2007 WL 38697, at *2 (D.N.J. Jan. 4, 2007). Plaintiff's Complaint does not identify "XYZ Corps. 1-10" nor does it supply any details about these fictitiously named defendants. (Compl., ¶ 3). As such, the citizenship of these fictitiously named Defendants should be disregarded for the purposes of this removal.

8. 28 U.S.C. §1332(a)(1) provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." The party seeking removal bears the burden of establishing diversity jurisdiction. *See Frederico v. Home Depot,* 507 F.3d 188, 193 (3d Cir. 2007); *see also Raspa v. Home Depot*, 533 F. Supp. 2d 514, 516 (D.N.J. 2007); *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936).

    A. <u>This Action is Between Citizens of Different States</u>

9. It is undisputed that TPSC is a New Jersey professional corporation. For the purposes of diversity jurisdiction, the citizenship of a New Jersey professional corporation is the same as a traditional corporation under 28 U.S.C. §1332(c)(1). *See Archer & Greiner, A Pro. Corp. v. Rosefielde*, No. 116CV04023NLHAMD, 2017 WL 2539389, at *3 (D.N.J. June 12, 2017). It is well-settled that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77 (2010); *McCollum v. State Farm Ins. Co.*, 376 Fed. Appx. 217, 219 (3d Cir. 2010). Plaintiff's Complaint alleges that TPSC is a New Jersey professional corporation organized and existing under the laws of the State of New Jersey with its principal place of business in New Jersey. (*See* Compl., ¶1). Therefore, Plaintiff is a citizen of New Jersey for diversity purposes. *See* 28 U.S.C. §1332(c)(1); *Hertz Corp.*, *supra*; *McCollum*, *supra*.

10. Pursuant to Business Record Details publicly available on the Connecticut Secretary of State Website, Cigna is a Connecticut Corporation with its principal place of business in Bloomfield, Connecticut. A true and correct copy of the Business Record Details on the Connecticut Secretary of State website is attached hereto as **Exhibit 3**. As such, Cigna is a citizen

of Connecticut for diversity jurisdiction purposes. *See* 28 U.S.C. §1332(c)(1); *Hertz Corp.*, *supra*; *McCollum*, *supra*.

11. Accordingly, because Defendant is not a citizen of the State of New Jersey, there is complete diversity of citizenship sufficient for removal.

### B. *The Matter in Controversy Exceeds $75,000, Exclusive of Interest and Costs.*

12. Plaintiff seeks to recover $112,149.78, as a result of alleged underpayments for medical services that it allegedly provided to patient D.C.; a purported member of a health benefits plan administered by Cigna. (*See* Compl. ¶¶8-12). Based on the allegations of Plaintiff's Complaint, the amount in controversy exceeds the monetary threshold of $75,000, exclusive of interest and costs.

13. This case is therefore properly removed to this Court on the basis of diversity of citizenship. 28 U.S.C. §1332(a)(1).

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of New Jersey (Plaintiff) and Connecticut (Cigna), and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interests.

15. This case is therefore properly removed to this Court on the basis of diversity of citizenship. 28 U.S.C. §1332(a)(1).

16. Defendant does not waive – and hereby expressly reserves – its right to assert any and all available legal defenses, including the right to assert such defenses in subsequent proceedings. Further, Defendant does not admit any allegations in Plaintiff's Complaint.

17. If Plaintiff raises any challenge to the propriety of removal of the State Court Action, Defendant will seek to take necessary discovery to resolve Plaintiff's contentions concerning jurisdiction, in addition to presenting briefing and oral argument in support of removal.

18. Cigna reserves the right to Supplement this Notice of Removal.

WHEREFORE, Defendant, Cigna Health and Life Insurance Company, submits this notice that the State Court Action is removed from the Superior Court of New Jersey, Law Division, Monmouth County, to the United States District Court for the District of New Jersey.

Dated: February 2, 2024                                         ROBINSON & COLE LLP

/s/ *Katherine M. Katchen*
E. Evans Wohlforth, Jr.
Katherine M. Katchen (Bar # 033041997)
1650 Market Street, Suite 3030
Philadelphia, PA 19103
T: (215) 398-0557
E: kkatchen@rc.com
E: ewohlforth@rc.com
*Attorneys for Defendant*
*Cigna Health and Life Insurance Company*

**Local Civil Rule 11.2 Certification**

The matter in controversy is not the subject of any other action pending in any court or arbitration or administrative proceeding.

I certify under penalty of perjury that the foregoing is true and correct. Executed on February 2, 2024.

*/s/ Katherine M. Katchen*
Katherine M. Katchen