# Exhibit 1

Kyle R. Tognan, Esq. (Attorney ID# 128372014)
**MAGGS McDERMOTT & DiCICCO, LLC**
Attorneys at Law
Allaire Corporate Center
3349 Highway 138
Building C, Suite D
Wall, New Jersey 07719
(732) 223-9870
Attorneys for Plaintiff
Our File Number: 3329.0507

| | |
|---|---|
| THE PLASTIC SURGERY CENTER, P.A.,<br><br>Plaintiff,<br><br>vs.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, XYZ CORPS. 1-10,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – MONMOUTH COUNTY<br><br>DOCKET NO.: MON-L-<br><br>*CIVIL ACTION*<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, The Plastic Surgery Center, P.A. ("TPSC"), by and through their attorneys,

Maggs McDermott & DiCicco, LLC, states of the Defendant, Cigna Health and Life Insurance

Company ("Cigna"), and says:

## THE PARTIES

1.      TPSC is a professional corporation organized and existing under the laws of the

State of New Jersey and maintains its principal place of business at 535 Sycamore Avenue,

Shrewsbury, New Jersey 07702.

2.      Cigna is a health insurance company authorized to conduct business in the State

of New Jersey with offices located at 1601 Chestnut Street, Philadelphia, Pennsylvania. At all

relevant times, Cigna acted as an authorized agent and administrator of a medical benefits plan

(the "Plan") that provided medical benefits to D.C.

3.      XYZ Corps. 1-10 are unknown entities that may operate, control, and/or administer healthcare plans, and/or may maintain self-insured health care plans including the Plan.

## FACTUAL ALLEGATIONS

4.      At all relevant times, TPSC engaged in the practice of plastic and reconstructive surgery.

5.      D.C. is an individual who was diagnosed with breast cancer and required bilateral breast reconstruction.

6.      D.C. consulted with Hakan Usal, M.D. ("Dr. Usal"), a physician-employee of TPSC.

7.      Dr. Usal determined that D.C. required a bilateral mastectomy (the "Surgical Procedure").

8.      On or about May 4, 2020, TPSC and Cigna entered into a single case rate agreement (the "Agreement") wherein TPSC would be paid the out-of-network rate, which was understood to be the Usual Customary and Reasonable ("UCR") rate, for certain preapproved CPT Codes that represented the Surgical Procedure.

9.      On May 5, 2020, TPSC performed the Surgical Procedure, during which Dr. Usal acted as primary surgeon.

10.     TPSC billed $122,178.00 for the medical services provided by Dr. Usal, which is the UCR rate for the Surgical Procedure.

11.     Cigna issued a payment of $10,028.22 on the Surgical Procedure, leaving a balance of $112,149.78.

12.      Cigna's payments are less than the agreed-upon UCR rate.

13.     TPSC has attempted to obtain payment of the outstanding balance agreed to be paid pursuant to the Agreement, but Cigna has refused to abide by the Agreement and tender payment as agreed.

## COUNT ONE
### (Breach of Contract)

14.     TPSC repeats and realleges the allegations contained in the preceding paragraphs as if set forth at length herein.

15.     TPSC and Cigna entered into the Agreement whereunder TPSC would be paid at the UCR rate for the Surgical Procedure.

16.     The UCR rate for the Surgical Procedure is $122,178.00.

17.     As consideration for this payment, TPSC agreed to perform the Surgical Procedure.

18.     By failing to pay TPSC at the UCR rate, Cigna has breached the Agreement with TPSC.

19.     As a result of Cigna's breach of the Agreement, TPSC has suffered damages.

WHEREFORE, TPSC demands judgment against Cigna for damages in the amount of $112,149.78, plus interest at the rate of 12% per year pursuant to N.J.A.C. 11:22-1.1 *et seq.*, costs of suit, reasonable attorneys' fees and such other relief as this Court may deem fair and proper.

## COUNT TWO
### (Promissory Estoppel)

20.     TPSC repeats and realleges the allegations contained in the preceding paragraphs as if set forth at length herein.

21.     Cigna represented to and promised TPSC that it would pay TPSC for the Surgical Procedure at the UCR rate.

22.     The UCR rate for the Surgical Procedure is $122,178.00.

23.     TPSC reasonably relied on this promise and other representations of Cigna and performed the Surgical Procedure.

24.     Cigna paid TPSC only $10,028.22 for the Surgical Procedure.

25.     Cigna has breached the promise and not complied with the representations made to TPSC by paying TPSC at a rate lower than the UCR rate for the Surgical Procedure.

26.     By performing the Surgical Procedure and not receiving payment based on the promise and representations of Cigna, TPSC has suffered a substantial detriment.

27.     Cigna should have expected TPSC to rely upon its promise because, among other reasons, Cigna knew or should have known that TPSC would not have performed the Surgical Procedure without a promise of payment at the UCR rate for the Surgical Procedure.

28.     As a result thereof, TPSC has suffered damages.

    WHEREFORE, TPSC demands judgment against Cigna for damages in the amount of $112,149.78, plus interest at the rate of 12% per year pursuant to N.J.A.C. 11:22-1.1 *et seq.*, costs of suit, reasonable attorneys' fees and such other relief as this Court may deem fair and proper.

### COUNT THREE
### (Negligent Misrepresentation)

29.     TPSC repeats and realleges the allegations contained in the preceding paragraphs as if set forth at length herein.

30.     Cigna represented to TPSC that TPSC would be compensated at the UCR rate for the performance of the Surgical Procedure.

31.     The UCR rate for the Surgical Procedure is $122,178.00.

32.     Cigna paid TPSC only $10,028.22 for the Surgical Procedure.

33.     The representations by Cigna were false, were made without a reasonable basis for the belief that they were true, and were made with the intent that TPSC would rely on them to its detriment.

34.     Cigna owed a duty to TPSC not to make false representations.

35.     TPSC reasonably and justifiably relied upon Cigna's misrepresentations to its detriment that it would be compensated at the UCR rate for the performance of the Surgical Procedure.

WHEREFORE, TPSC demands judgment against Cigna for damages in the amount of $112,149.78, plus interest at the rate of 12% per year pursuant to N.J.A.C. 11:22-1.1 *et seq.*, costs of suit, reasonable attorneys' fees and such other relief as this Court may deem fair and proper.

## JURY DEMAND

Plaintiff hereby demands a jury for all issues so triable.

## DEMAND FOR INSURANCE COVERAGE

In accordance with R. 4:10-2, Plaintiff hereby demands a complete copy of Defendant's applicable insurance agreement(s) demonstrating coverage, including policy and declaration sheets, within thirty (30) days of service of this Complaint.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of Rule 4:25-4, KYLE R. TOGNAN is hereby designated as trial counsel on behalf of the Plaintiff.

MAGGS MCDERMOTT & DiCICCO, LLC
*Attorneys for Plaintiff*

*s/ Kyle R. Tognan*

By:     _____

KYLE R. TOGNAN

Dated: September 15, 2023

## **RULE 4:5-1 CERTIFICATION**

In accordance with Rule 4:5-1, I hereby certify that the matter in controversy is not the

subject of any other pending court action or arbitration, nor contemplated between these parties. I

further certify that, to the best of my knowledge, information and belief, no other party should be

joined in this action.

*s/ Kyle R. Tognan*

By:   _____

KYLE R. TOGNAN

Dated: September 15, 2023

# Civil Case Information Statement

## Case Details: MONMOUTH | Civil Part Docket# L-002911-23

**Case Caption:** THE PLASTIC SURGERY  CENTER, P  VS CIGNA HEALTH A

**Case Initiation Date:** 09/15/2023

**Attorney Name:** KYLE R TOGNAN

**Firm Name:** MAGGS, MCDERMOTT & DICICCO, LLC

**Address:** ALLAIRE COPORATE CTR 3349 HIGHWAY 138 BLDG C STE D

WALL NJ 07719

**Phone:** 7322239870

**Name of Party:** PLAINTIFF : THE PLASTIC SURGERY CENTER, PA

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19? NO**

**Are sexual abuse claims alleged by: THE PLASTIC SURGERY CENTER, PA? NO**

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

09/15/2023
Dated

/s/ KYLE R TOGNAN
Signed